UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  **MEMORANDUM OF**
In re:                                                              **DECISION AND ORDER**

MICHAEL COLETTA, a/k/a Michael J. Coletta              10-CV-401 (ADS)
and SUSAN COLETTA, a/k/a Susan A. Coletta              10-CV-402 (ADS)

                  Debtors.
----------------------------------------------------------------X
----------------------------------------------------------------X
NEIL H. ACKERMAN, Bankruptcy Trustee of
the Estate of MICHAEL COLETTA, a/k/a Michael
J. Coletta and Susan Coletta, a/k/a Susan A. Coletta,

                Appellant,

      -against-

RUBBER2GOLD, INC., and DON BOSCO, a/k/a
DON M. BOSCO,

                Appellees/Cross Appellants.
----------------------------------------------------------------X

**APPEARANCES:**

**Meltzer Lippe Goldstein & Breitstone, LLP**
Attorneys for the Appellant
190 Willis Avenue
Mineola, NY 11501
     By: Kamini Fox, Esq.
        Neil H. Ackerman, Esq., Of Counsel

**Steinberg, Fineo, Berger & Fischoff, P.C.**
Attorneys for the Appellees
40 Crossways Park Drive
Woodbury, NY 11797
     By: Heath S. Berger, Esq.
        Gary C. Fischoff, Esq., Of Counsel

**SPATT, District Judge.**

This is an appeal and cross-appeal from the November 30, 2009 judgment of the United States Bankruptcy Court, Eastern District of New York. The Bankruptcy Court found that Rubber2Gold ("R2G") and Don Bosco (collectively "the Appellees") breached a contract ("the November 11, 2002 Agreement") with debtor Michael Coletta and awarded Appellant Neil H. Ackerman, the Bankruptcy Trustee of Coletta's estate ("the Trustee"), $22,208.81 in damages for the breach. The Appellees challenge this award while the Trustee appeals from that part of the order denying the estate's other claims for relief.

The parties' cross-appeals challenge a number of the Bankruptcy's Court factual and legal determinations. The Court has read the Bankruptcy's Court's oral decision, the parties' voluminous submissions, and the relevant portions of the record. However, meaningful appellate review is difficult here because the facts underlying the issues raised by the parties are not sufficiently developed in the Bankruptcy Court's decision. In addition, some of the parties' legal arguments were not explicitly addressed. Accordingly, the Court will remand this matter to the Bankruptcy Court. See Fed R. Bankr. P. 8013 (stating that a district court may remand an order or judgment of the Bankruptcy Court with instructions for further proceedings).

On remand, the Bankruptcy Court is respectfully requested to issue a written decision setting forth all of the factual and legal determinations necessary to address the following matters:

- whether the November 11, 2002 Agreement was supported by adequate consideration.

- whether the copy of the November 11, 2002 Agreement proffered by Coletta is authentic within the meaning of Fed. R. Evid. 1003.

- whether the doctrine of unclean hands bars Coletta from recovering under the November

11, 2002 Agreement. On this question, the Bankruptcy Court is requested to make explicit factual findings regarding Coletta's assignment of the contract rights to Manny Garafolo, the mutual releases between Garafolo, Bosco and R2G, and Garafolo's reassignment back to Coletta.

- if the Bankruptcy Court determines that the November 11, 2002 Agreement is valid and enforceable, it is requested to address whether Coletta is entitled to compensation for services performed at the Redfern Property.

- whether the Appellees breached the duty of good faith and fair dealing implied in the parties' contracts.

- whether the Appellees and Coletta had a fiduciary relationship. If the Bankruptcy Court finds that the parties had such a relationship, it is requested to determine whether the Appellees breached any of their fiduciary duties.

- whether the Trustee has standing to assert a fraudulent conveyance claim. If the Bankruptcy Court finds that the Trustee has standing, it is requested to determine whether the Appellees fraudulently conveyed the Redfern Property.

### III. CONCLUSION

This case is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

**SO ORDERED.**

Dated: Central Islip, New York
August 9, 2010

                                                       */s/ Arthur D. Spatt*
                                                      ARTHUR D. SPATT
                                                United States District Judge